ALBERT H. TINGLEY and others *v.* CITY OF PROVIDENCE.

It is a fixed rule of courts of equity, as well as of courts of law, that where an irregularity has been committed, a party who consents to a proceeding which he might have prevented by resisting it on that account, waives thereby all exceptions to such irregularity.

Where a street has been improved or extended under the act of the General Assembly, "in relation to the laying out, enlarging, straightening or otherwise altering streets in the city of Providence,"—passed January session, 1854, a party who has filed his objections to the report of the commissioners made thereon, and claimed a jury trial under the provisions of the act, cannot, after the rendition of the verdict, avail himself of any defect or informality in the notice given him of the commissioners' report.

MOTION for a new trial of an appeal from the award of commissioners as to the damages from the extension of South Water street, in Providence, through the premises of the plaintiffs, under the act passed at the January session of the General Assembly, 1854, entitled, "An act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence." At the trial of the appeal, a verdict was returned in favor of the plaintiffs for one hundred dollars, whereupon they moved for a new trial, which motion was by the court refused. (See report of case, 8 R. I. 493.)

The plaintiffs thereupon renewed their motion, upon grounds which are stated in the opinion of the court.

*Eames and James Tillinghast, for the motion.*

*Parkhurst, for the City of Providence, contra.*

BRAYTON, C. J. The plaintiffs were claimants for damages occasioned by the lay out of South Water street. The com-

missioners appointed to assess damages made their report of their doings thereon on the assessment of loss and damage and of benefit, where they assess said Tingleys for benefits.    Upon this report, the court ordered notice to be given personally to the parties interested, and that notice be published in the news-papers for the parties interested to appear and object to said report.   The plaintiffs were personally served, though the notice was not published according to the order.    They appeared, however, and filed certain objections to the report of the com-missioners, and within twenty days filed their claim also for a jury trial, to determine the benefit and advantage over damage and loss.    The objections to the report, though filed, were never pressed for hearing, and were never heard, or asked to be heard. They, instead of pressing their objections to the report, insisted upon their trial by jury, and had it, and a verdict was duly returned by the jury, finding for them the sum of one hundred dollars damages above all benefits.    Being dissatisfied with the verdict, they petitioned to have it set aside and a new trial granted, assigning as reasons therefor certain instructions of the judge to the jury, and certain rulings upon the admission of evidence, but not assigning any of the objections originally filed against the report of the commissioners.    These reasons for a new trial were heard by the court and overruled.    After this, the city caused the notice to be published according to the original order of the court, to appear and object, and these par-ties again appeared, and filed the same objections to the report, and again claimed a jury trial, upon which they now insist.

It is said that where an irregularity has been committed, and the party knows of it, it is a fixed rule of courts of equity, as of courts of law, that he should come in the first instance to avail himself of it, and not allow the other party to proceed to more expense.    It is not reasonable afterwards to allow the party to complain of that irregularity of which, if he had availed himself at first, all that expense would have been rendered unnecessary. If a party afterwards consents to a proceeding which, by resist-ing, he might have prevented, he waives thereby all exception to such irregularity.    *Rogers and wife* v. *Cruger et al.* 7 John, 611,

When, after notice served upon them, the parties appeared, and without suggesting any defect of notice, filed their objections to the report, they waived all other notice. These objections might then have been heard, and if found sufficient, the report might have been recommitted, in whole, or in that part which affected the parties, which would have postponed the jury trial until a new report should be made. The parties did not, however, insist upon these objections, and have a new report, but elected to proceed at once to their jury trial, which they were entitled to have before any confirmation of the report as to them, and the verdict in which the statute provides shall be final as to them. In proceeding to this trial, the exceptions to the report were necessarily waived. Upon the rendition of the verdict, the parties moved to set it aside and that a new trial be granted, assigning for cause misdirection of the judge who heard the cause, and misrulings upon the evidence; but neither want of sufficient notice, or any of the objections originally filed against the report, were assigned as reasons for any new trial. The want of notice and the exceptions to the report, were all again waived by passing them by.

A new trial was denied, upon a full hearing of all the reasons given for it.

The parties here have no ground to complain that they are compelled to abide by their election to proceed to a verdict, which should finally correct the report of the commissioners as to them, rather than to do so by a recommitment of the report, and thus delay the final determination.

*The verdict must be declared final, and judgment entered thereon.*